FILED
APR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOLLAND & KNIGHT LLP<br>2099 Pennsylvania Avenue, N.W.<br>Suite 100<br>Washington, D.C. 20006,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220,<br><br>Defendant. | COMPLAINT FOR INJUNCTIVE RELIEF<br><br>Case: 1:07-cv-00760<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 04/26/2007<br>Description: FOIA/PRIACY ACT |

### COMPLAINT FOR INJUNCTIVE RELIEF
#### Preliminary Statement

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking, principally, the immediate processing and release of agency records requested by plaintiff Holland & Knight LLP ("H & K") from defendant Department of the Treasury ("Treasury").

2. On May 25, 2006, H & K submitted a FOIA request (the "May 25, 2006 FOIA Request") seeking records about the involvement of Treasury, the World Bank, and the Inter-American Development Bank ("IDB") in connection with the construction of the Chixoy hydroelectric dam in Guatemala in the late 1970s, which caused massive flooding of Mayan villages, and the forced displacement of thousands of Mayan people. The May 25, 2006 FOIA Request sought *inter alia*: (i) all reports from the World Bank or IDB or both to Treasury regarding persons affected by the Chixoy dam; (ii) all correspondence between Treasury and the World Bank or IDB or both concerning persons affected by the Chixoy dam; and (iii) all

instructions from Treasury to the World Bank or IDB or both, from January 1, 2000 to the present, concerning oversight of resettlement of persons displaced by World Bank or IDB funded projects, respectively. A copy of the May 25, 2006 FOIA Request is attached as Exhibit A.

3. Although almost eleven months have passed since H & K filed the May 25, 2006 FOIA Request, Treasury has failed to produce any record in response or declare any assertion of an exemption. There is no legal basis for the Treasury's failure to respond to H & K's requests in a timely fashion, nor for its failure to disclose the records sought.

4. H & K seeks: an injunction requiring Treasury to process H & K's May 25, 2006 FOIA Request and to immediately release records that have been unlawfully withheld; an order enjoining Treasury from assessing fees for the processing of the May 25, 2006 FOIA Request; and because disclosure is in the public interest pursuant to 5 U.S.C. §552, an award of reasonable attorney's fees and costs for enforcing disclosure.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii) and 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Parties

6. Plaintiff H & K is a law firm that represents a coordinating committee of 23 Mayan communities in Guatemala, consisting of thousands of Mayans who have been severely impacted by the construction of the Chixoy dam in Guatemala.

7. Defendant Treasury is a department of the Executive Branch of the United States government. Treasury is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## FACTUAL ALLEGATIONS

8.  On May 25, 2006, Ms. Grace H. Brown, an attorney with H & K, sent, via regular mail, first class postage pre-paid, a letter to the Departmental Offices, Disclosure Services, Department of the Treasury. The letter requested under FOIA, 5 U.S.C. Section 552, certain correspondence, documents, and reports relating to the Chixoy dam project and received from or sent by Treasury and certain other documents from Treasury. (See Exhibit A)

9.  On June 8, 2006, Mr. Dale Underwood, Deputy Director, Disclosure Services, Department of the Treasury sent a letter to Ms. Brown, stating that the May 25, 2006 FOIA Request was received by Treasury on June 6, 2006, and that, in order to process the request, Treasury would need an agreement to pay review fees and search and duplication fees. A copy of Mr. Underwood's June 8, 2006 letter is attached as Exhibit B.

10. On July 6, 2006, Mr. Stephen F. Hanlon, Holland & Knight LLP, sent a letter to Mr. Underwood, requesting that Treasury waive all search, duplication, and review fees associated with the processing of the May 25, 2006 FOIA Request because disclosure was in the public interest, or, in the alternative, that Treasury submit to H & K a reasonable and detailed estimate of the fees that Treasury anticipates associated with the May 25, 2006 FOIA Request. A copy of Mr. Hanlon's July 6, 2006 letter is attached as Exhibit C.

11. On October 31, 2006, Mr. Hanlon again sent a letter to Mr. Underwood, stating that, to date, H & K had received only Mr. Underwood's correspondence dated June 8, 2006; that H & K had replied on July 6, 2006; that Treasury had yet to produce for H & K any documents requested under the May 25, 2006 FOIA Request; and that Treasury had surpassed the time allowed for furnishing documents as proscribed by FOIA.

12. On November 13, 2006, Mr. Underwood sent a letter to Mr. Hanlon, stating that Mr. Hanlon's October 31, 2006 follow-up letter had been forwarded for appropriate action to the office that is responsible for processing the May 25, 2006 FOIA Request. A copy of Mr. Underwood's November 13, 2006 letter is attached as Exhibit D.

13. To date, H & K has received none of the documents requested in the May 25, 2006 FOIA Request submitted to Treasury. Nor has Treasury provided a privilege index listing documents it asserts are exempt from production under FOIA. See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

14. H & K has a statutory right under FOIA to review and copy the materials requested.

15. Treasury has not responded, as legally required, to the May 25, 2006 FOIA Request within the statutory time period.

16. Treasury's failure to respond to H & K's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

17. H & K is entitled to a waiver of the fees associated with its request, pursuant to 5 U.S.C. §552(a)(4)(A)(iii), as disclosure is in the public interest.

## COUNTS FOR RELIEF

### Count One

Failure to Respond to FOIA Request Within the Statutory Time Period.

18. H & K realleges and incorporates paragraphs 1-18.

19. Treasury has failed to respond to H & K's May 25, 2006 FOIA Request within the statutory time period of 20 days. See 5 U.S.C. § 552 (a)(6)(A)(i).

20. Treasury has not produced the documents requested in H & K's May 25, 2006 FOIA Request to Treasury. Nor has Treasury proposed an alternative timetable for its response to Plaintiff's request.

21. To the extent a portion of H & K's request requires additional time to respond due to "unusual circumstances," see 5 U.S.C. § 552(a)(6)(B)(i), Treasury still has failed to respond to that portion of the request that is not delayed because of such circumstances. Moreover, an extension based on "unusual circumstances" can be for no more than 10 working days. See 5 U.S.C. § 552(a)(6)(B)(i). Thus, even if Treasury had properly invoked the extension provision, it has still failed to timely respond.

22. H & K is entitled to an order from this Court requiring Treasury to promptly respond to the May 25, 2006 FOIA Request.

### Count Two

Failure to Provide Records.

23. H & K realleges and incorporates paragraphs 1-23.

24. On May 25, 2006, H & K properly submitted a request to Treasury for documents that are public records subject to FOIA.

25. Treasury's failure to respond to the request is a constructive denial of the documents. The denial is without legal basis.

26. H & K is therefore entitled to an order from this Court requiring Treasury to promptly provide the documents requested as well as to an order requiring Treasury to pay H & K's reasonable attorney's fees. See 5 U.S.C. § 552(a)(4)(A)(iii).

**WHEREFORE**, Plaintiff respectfully requests that this Court:

27. Declare that Treasury's failure to respond to the May 25, 2006 FOIA Request within the statutory time period is an unlawful violation of FOIA.

28. Declare that any assertion of an exemption based on privilege is unfounded for failure to comply with Vaughn v. Rosen.

29. Declare that Treasury is not entitled to assess fees for the processing of H & K's request, since disclosure is in the public interest pursuant to 5 U.S.C. §552(a)(4)(A)(iii).

30. Direct Treasury to make all requested records available to H & K, unredacted and without further delay.

31. Award H & K reasonable attorney's fees and costs.

32. Grant H & K any further relief this Court deems just and proper.

Respectfully Submitted,

By _____
Charles D. Tobin (Bar No. 15919)
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000   Phone
(202) 955-5564   Fax
*Counsel for Plaintiff*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Holland & Knight LLP
2099 Pennsylvania Ave., N.W., Ste. 100
Washington, D.C. 20006

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, DC  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

United States Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles D. Tobin (Bar No. 15919)
Holland & Knight LLP
2099 Pennsylvania Ave., N.W., Ste. 100
Washington, D.C. 20006
(202) 955-3000

Case: 1:07-cv-00760
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 04/26/2007
Description: FOIA/PRIACY ACT

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)* OR ○ **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Cause of action under Freedom of Information Act, 5 U.S.C. Sec. 552, for injunctive relief seeking release of Defendant's records requested by Plaintiff.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE April 26, 2007    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

  VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.