# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOLLAND & KNIGHT, LLP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07cv760 (CKK) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE TREASURY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant United States Department of the Treasury hereby moves, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in this matter for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Specifically, the Plaintiff in this matter currently has pending an administrative appeal of the Defendant's denial of Plaintiff's fee waiver request under the Freedom of Information Act ("FOIA"). Therefore, Plaintiff has failed to exhaust the applicable administrative remedies. In addition, because the determination as to the production or redaction of documents requested under the FOIA is made **after** the Agency's final decision on Plaintiff's fee waiver request, any demand by Plaintiff for an order compelling the production of the records is premature, and not properly before this Court.

Counsel for Defendant contacted counsel for Plaintiff to determine if Plaintiff would agree to a temporary stay of the proceedings until the administrative remedies are exhausted and the matter is ripe for review by the Court; however, Plaintiff would not agree to a stay, thus necessitating the filing of this Motion.

In support of this motion, Defendant refers this Court to the attached Memorandum of Points and Authorities attached hereto.  A proposed order consistent with this motion is also attached herewith.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HOLLAND & KNIGHT, LLP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07cv760 (CKK) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff, the law firm of Holand & Knight, brings this action under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552 *et seq.*, to compel Defendant United States Department of Treasury ("Treasury Department" or "Treasury") to release requested documents relating to a FOIA request submitted by the Plaintiff. Specifically, Plaintiff seeks to compel the agency to produce all records, to waive all fees and costs associated with the search, review, and production of the FOIA request, and to award attorney's fees and costs. Plaintiff's Complaint should be dismissed because Plaintiff failed to agree to pay the fees associated with processing the request or otherwise exhaust the administrative remedies available under FOIA and Treasury regulations.

**BACKGROUND**

A.    **FACTUAL BACKGROUND.**

On May 25, 2006, Grace Brown, of the law firm of Holland & Knight, mailed a request for documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Department of the Treasury ("Treasury" or "Treasury Department") seeking (1) all documents or reports that Paul Wolfowitz gave to the World Bank or U.S. Directors concerning Guatemala in April or May 2006;

(2) all documents and other matters relating to Department's oversight of the Chixoy dam project by the World Bank or the Inter-American Development Bank ("IADB"); (3) documents relating to other projects funded by the World Bank and IADB concerning resettlement of persons displaced by the projects; and (4) documents relating to loans and resettlement of displaced persons in any project from 1995 to the present. Exhibit A attached to Complaint (Dkt. No. 1). Because the request failed to identify whether she was making the request as a "commercial," "non-commercial scientific institution," "representative of the news media," or "other" requestor subject to the fee provisions of the Treasury Department's FOIA regulations, see 31 C.F.R. § 1.5(b)(2), the Defendant responded on June 8, 2006, requesting that Ms. Brown agree to pay the fees associated for processing the request. Exhibit B attached to Complaint. On July 7, 2006, Stephen Hanlon, of Holland & Knight, faxed a request to the Defendant requesting that the Treasury Department waive all fees associated with the processing of the request. Exhibit C attached to Complaint. In his correspondence, Mr. Hanlon declined to agree, in the alternative, to pay the fees associated with processing the claim, but rather reserved any agreement until he received a "reasonable and detailed estimate of the fees []" associated with this FOIA request." Id.

Based upon the information provided, the Defendant then forwarded the request to the office responsible for processing the request. Exhibit D to Complaint. On May 24, 2007, the Treasury Department denied the fee waiver request. Exhibit E attached hereto. In the denial, the Treasury Department provided Plaintiff with an estimate of costs for processing the entire request, as well as an estimate for processing a request limited to only those documents related to the Chixoy Dam project. Id. Plaintiff timely appealed the denial to the Assistant Secretary for International Affairs, which is currently pending. Exhibit F attached hereto.

2

Without completing the administrative appeal process, see 31 C.F.R. § 1.7(d)(3), and without making any agreement to pay the fees, see id. at §1.5(b)(7), Plaintiff filed this civil action on April 26, 2007.  Complaint (Dkt. No. 1).

**B.     STATUTORY AND REGULATORY PROCEDURES.**

Pursuant to the FOIA, an agency's records shall be made available to a requester only when the FOIA request is made in accordance with published rules stating the time, place, fees, and procedures to be followed.  5 U.S.C. § 552(a)(3).  The agency is permitted to charge a reasonable fee to recover costs associated with the search, review, and duplication of agency records in response to a FOIA request.  5 U.S.C. § 552(a)(4)(A)(ii).  Additionally, the agency may require that a requestor agree to pay the fees before the request is deemed submitted.  Pollack v. Department of Justice, 49 F.3d 115, 120 (4th Cir. 1995) ("payment may even be required in advance as a condition of further agency attention to the request"), cert. denied 516 U.S. 843 (1995).

In order to carry out the provisions of FOIA, each Federal agency shall promulgate regulations specifying the schedule of fees applicable to the processing of requests and establishing procedures and guidelines for determining when such fees should be waived or reduced.  5 U.S.C. § 552(a)(4)(A)(i).  The fees, or any waiver or reduction to the fees to be charged by an agency, may depend the type of requestor, or the purpose for which the information is sought.  For example, an agency may set its fees based upon the requestor being a "commercial" or "noncommercial" user of the information sought. 5 U.S.C. §552(a)(4)(A)(ii); 31 C.F.R. §§ 1.7(a)(1)-(4).  Documents may also be furnished without any charge or at a charge reduced below the fees established by the agency where the "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not

3

primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii); 31 C.F.R. § 1.7(d)(1).  The FOIA provides that each agency shall promulgate regulations specifying procedures and guidelines for determining when charges associated with the FOIA request should be waived or reduced.  5 U.S.C. § 552(a)(4)(A)(I).

Under the regulations promulgated by the Treasury Department, a FOIA requestor must agree to pay the fees for processing in order to have his or her request deemed "received."  31 C.F.R. § 1.5(b)(7).  A requestor may include a request for a fee waiver **in his initial FOIA request**.  31 C.F.R. § 1.7(b) (emphasis added).  The request for a fee waiver must contain sufficient information upon which the reviewing official may make the determination required by the Act.  Id. at 1.5(b)(7). If a requestor is not satisfied with the agency component's response to a fee waiver request, the requestor must first administratively appeal the agency action (or inaction) to the appropriate official. Id. at § 1.7(d)(3).  Until the full administrative process for determining the fee waiver request is completed, the time limits for responding to the initial FOIA request are stayed.  Id. at § 1.7(e)(3).

## ARGUMENT

## I.    PLAINTIFF FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES.

Although not jurisdictional in nature, exhaustion of a complainant's administrative remedies is a condition precedent to judicial review of a FOIA suit.  See Stebbins v. Nationwide Mutual Ins., 757 F.2d 364, 366 (D.C. Cir.1985).  "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir 2003) (quoting Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir.1990)).  "Exhaustion [of administrative remedies] does not occur until the required

4

fees are paid or an appeal is taken from the refusal to waive fees." <u>Oglesby</u>, 920 F.2d at 66; <u>see also</u> <u>Crooker v. United States Secret Service</u>, 577 F.Supp. 1218, 1219 (D.D.C.1983) (absent a waiver of fee requirements, failure to comply with fee regulations constitutes a failure to exhaust administrative remedies under FOIA).

Thus, a FOIA requester must follow the agency's published regulations governing FOIA requests. <u>See</u> 5 U.S.C. § 552(a)(3). If a requester fails "to follow the procedures set forth in the [agency] regulations, [he/she] has failed to make a proper request under the FOIA and therefore has failed to exhaust [his/her] administrative remedies." <u>Kessler v. United States</u>, 899 F. Supp. 644, 645 (D.D.C. 1995).

### A.    **Plaintiff Failed to Agree to Pay the Processing Fee.**

Here, Plaintiff failed to make a firm agreement to pay the processing fee. Indeed, despite the fact that Plaintiff sought a fee waiver, Plaintiff specifically reserved any agreement to pay the fee until the Treasury Department provide a "reasonable and detailed estimate of the fees you anticipate associated with this FOIA request. Upon receipt of your estimate, we will notify you whether we can agree in advance to payment of these fees...." Exhibit C. Thus, without a firm agreement by Plaintiff to pay the fees, the request is not properly deemed as "received" by the agency. <u>Pollack</u>, 49 F.3d at 120.

### B.    **Plaintiff Failed to Exhaust the Appeal Process Regarding the Fee Waiver Request.**

Notwithstanding the issue regarding Plaintiff's failure to satisfy the requirement that it agree to pay the processing fee, Plaintiff also failed to exhaust the on-going appeal process regarding the denial of the fee waiver request.

Despite the fact that Plaintiff's initial request violated the specific requirements of the Treasury Department's FOIA regulations by failing to include the request for a fee waiver, as well as specific information upon which the agency could make a determination as to the appropriateness of a waiver of fees, the Treasury Department accepted Plaintiff's subsequent letter requesting the waiver, and processed the request. Exhibit E. Plaintiff currently has appealed the denial of the fee waiver request to the appropriate Treasury Department official, see Exhibit F, and cannot now maintain the present matter in this Court.

Nor does the doctrine of "constructive exhaustion" apply to fee waiver requests, so as to allow Plaintiff to file a civil action without first seeking administrative review. Under the "constructive exhaustion" rule, a person making a FOIA request to any agency for records shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions with respect to the initial response to the request. 5 U.S.C. § 552(a)(6)(C). However, there are only "'two time limit provisions that trigger constructive exhaustion,' the 20 day period to determine whether to comply with a request for documents, and the 20 day period to make a determination on an administrative appeal." Judicial Watch, Inc. v. U.S. Naval Observatory, 160 F.Supp.2d 111, 113 n.1 (D.D.C. 2001) (quoting Spannaus v. U.S. Department of Justice, 824 F.2d 52 (D.C. Cir.1987)). Under the applicable FOIA regulations neither of these time limitation provisions are triggered until the issue of a fee waiver request is resolved, 31 C.F.R. § 1.7(e)(3), and "constructive exhaustion" cannot apply.[1]

---

[1]      In any event, the Treasury Department did respond to Plaintiff's initial FOIA request by notifying Plaintiff that payment needed to be made in advance. Exhibit B.

6

In any event, a failure to timely respond to a request for waiver of fees is not equivalent to constructive exhaustion of administrative remedies as to the request for documents. <u>Pollack</u>, 49 F.3d at 119 ("the constructive exhaustion provision, however, did not relieve [the requestor] of his statutory obligation to pay any and all fees which the agency was authorized to collect"). As the District Court noted in <u>Judicial Watch</u>, constructive exhaustion under the FOIA cannot be applied where the Court is required to review a determination "on the record before the agency." 160 F.Supp.2d at 113 (because the review of a request for expedited processing is "on the record before the agency at the time of the determination" constructive exhaustion of administrative remedies cannot be applied). No review "on the record" may occur if the administrative process is short-circuited prior to any administrative appeal. Here, the FOIA explicitly provides that "the court's review of [a fee waiver request] shall be limited to the record before the agency." 5 U.S.C. § 552(a)(4)(A)(vii). Accordingly, a statute that requires such review "cannot be read to provide that a failure will operate to constructively exhaust administrative remedies" as to a request for a waiver of fees. <u>Judicial Watch</u>, 160 F.Supp.2d at 113. Plaintiff must exhaust the entire administrative process, including any administrative appeal procedures, if he is to seek review "on the record" before this Court.

Thus, Plaintiff's failure to let the administrative appeal process run its course deprived Defendant from having the opportunity to administratively review the denial of the fee waiver request, and further denies the agency an opportunity to develop the record for judicial review.

## II.    BECAUSE THE FOIA ISSUE IS LIMITED TO THE REQUEST FOR A FEE WAIVER, AN ORDER TO PRODUCE THE DOCUMENTS PRIOR TO THE DETERMINATION OF APPLICABLE EXEMPTIONS IS PREMATURE.

Pursuant to the FOIA, administrative exhaustion is required for any adverse determination concerning the disclosure of documents.  See e.g., Project on Military Procurement v. Department of the Navy, 710 F. Supp. 362 (D.D.C. 1989) (holding that a court could not make a ruling on the applicability of exemptions when the agency has not yet reached a decision to withhold documents pursuant to available FOIA exemptions).  An agency's failure to comply with the statutory deadlines neither empowers nor requires the Court to compel the agency to produce documents not yet reviewed by the agency.  See Judicial Watch v. U.S. Postal Serv., 297 F. Supp. 2d 252, 270 (D.D.C. 2004).   Thus, Plaintiff's refusal to stay the pending proceedings and to seek an order that the Treasury Department produce the records requested is premature and the Complaint should be dismissed.

Here, the only issue that has been properly presented to Defendant through the correspondence between the parties is the issue of fee waiver.   In the initial responsive letter from the Treasury Department to Plaintiff, Defendant advised the Plaintiff that advance payment of the processing fee is required, "in order to process your FOIA request."  Exhibit B.  The Plaintiff's letter of July 7, 2007, responded by limiting the discussion to a fee waiver request.  Exhibit C.  The Defendant, in turn, focused its review of the Plaintiff's request to that issue, and specifically informed Plaintiff that the response to the FOIA request will be held in abeyance until the payment issue is resolved.  Exhibit E.

To force the Department to defend anticipated application of FOIA exemptions in the fee waiver context would compel an agency to actually process responsive records at the threshold fee

waiver determination stage.  This would further be entirely contradictory to the FOIA regulations, as the Treasury Department has no obligation to proceed with review of documents for applicable exemptions and production until the waiver request is resolved.  31 C.F.R. § 1.7(e)(3).  Accordingly, the Plaintiff's FOIA request for documents is not yet ripe for agency processing or judicial consideration because there has been no resolution of the threshold fee requirements of the FOIA.

## CONCLUSION

For the reasons set forth above, and because Plaintiff refuses to stay the current proceedings pending resolution of the administrative appeal of the fee waiver denial, Defendant United States Department of Treasury respectfully requests that the Complaint be dismissed.

Respectfully submitted,


 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

9



# DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

## MAY 2 4 2007

**Request #2006-06-012**

Stephen F. Hanlon
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006-6801

Dear Mr. Hanlon:

This letter is in response to your request on July 6, 2006 for a waiver of all fees associated with a Freedom of Information Act (FOIA) request by Holland & Knight to the Department of the Treasury for documents "elucidating the roles, responsibilities and operation of the Department of the Treasury, the World Bank and the Inter-American Development Bank vis-à-vis the construction of the Chixoy Dam in Guatemala and similar development projects."

You suggest in your letter that all search and duplication fees be waived with respect to this request as the information is for non-commercial purposes and is in the public interest. However, we have determined that your request for a waiver of fees does not meet the standard contained in the FOIA at 5 U.S.C. 552(a)(4)(A)(iii) for the reasons provided below; therefore, your fee waiver request is denied.

Under 5 U.S.C. 552(a)(4)(A)(iii), and the Department of the Treasury regulations at 31 C.F.R. 1.7(d)(1), a waiver of fees may be provided if disclosure of the information is in the public interest because furnishing the information is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. Based on the information you provided to us, we do not believe that the disclosure will contribute significantly to public understanding of the operations or activities of the government.

One factor in determining whether a request for a fee waiver will be granted is whether the disclosure will contribute to the understanding of the public at large, as opposed to the understanding of a narrow segment of interested persons. It appears from your request that the understanding of the public at large with regard to this issue will not be increased by this request. Rather, it appears that the persons interested in the information potentially provided under this request would be those residing in Guatemala and those affected by other similar World Bank and the Inter-American Development Bank projects outside of the United States. The purpose of FOIA is to ensure the U.S. citizen's right to know what the U.S. government does – not to ensure the right of non-citizens of countries outside the United States to know what the World Bank and the



Inter-American Development Bank are doing. See *U.S. Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989) where it was decided the core purpose of the FOIA is the people's right to know what **"their"** government is up to (emphasis added).

Another aspect of whether the disclosure will contribute to the understanding of the public at large is the ability and intention of the requester to disseminate the information to the public. You stated in your July 6 letter that the disclosure of these documents will contribute to the general public's understanding of these issues "through the media and other sources of dissemination". However, your request provides no details or plan as to how you and your organization would disseminate this information to the general public of the United States. Furthermore, no mention is made of what benefit the public would derive from this information.

A second factor in determining whether a request for a fee waiver will be granted is whether the disclosure concerns identifiable "operations or activities of the government." To the extent the materials requested concern the "governmental operations of the World Bank, [and] the Inter-American Development Bank," as you stated in your July 6 letter, the materials requested do not concern the operations or activities of the federal government.

Additionally, you informed the Treasury Department in your July 6 letter that the purpose of this FOIA request is to disseminate information to the general public about the Chixoy Dam project and other similar projects in Guatemala. However, in this letter you asked for waiver of all fees associated with the request, the scope of which extends to all World Bank and Inter-American Development Bank projects world-wide that have had resettlement issues from the dates listed in the FOIA request. The records requested extend to a variety of topics and issues outside the justification for the fee waiver you requested.

You may appeal this decision within 35 days of the date of this letter. Your appeal must be in writing, be signed by you and be either faxed to 202/622-3895 or mailed to:

> FOIA Appeal
> Disclosure Services
> Department of the Treasury
> Washington, DC 20220

The deciding official on your appeal will be the Assistant Secretary for International Affairs.

Treasury Department disclosure regulations at 31 CFR 1.7(f)(3) state that a requester must make an advance payment of the entire fee when costs are estimated to exceed $250.00. The estimated charge for processing your request is $7,473.76 (see

enclosure). This amount does not include any charges for a search of electronic records which would be an additional cost.

This estimate is based on our understanding that the records you seek include all documents relating to all World Bank and Inter-American Development Bank projects having issues relating to the resettlement of persons displaced by said project world-wide from the dates mentioned in the initial request. However, if you are seeking only those documents relating to the Chixoy Dam project, as well as, with respect to the sixth through tenth bullet in your request, those relevant records relating to all similar World Bank and Inter-American Development Bank projects in Guatemala from the various dates listed the cost will be $1,014.60 (see enclosure). If this understanding contained in the first sentence of this paragraph is incorrect and you wish to amend your request please notify the Treasury Department and the fees assessed will be adjusted accordingly.

Your FOIA request will be held in abeyance until your check, in the amount of $7,374.76 made payable to the Treasury of the United States, is received by the office below. When replying, please reference the identification number at the top of this letter and direct your payment to:

FOIA Request
Disclosure Services
Department of the Treasury
Washington, DC 20220

Sincerely,

Mark Jaskowiak
Director, Office of Multilateral Development Banks

Enclosures

ESTIMATED FOIA FEES

Request #2006-06-012

| Service/Time | Rate (per hour) | Amount |
|---|---|---|
| **Search** | | |
| 20 hrs. | $42.06 | $841.20 |
| 20 hrs. | $59.10 0 | $1,182.00 |
| 5 hrs. | $50.02 | $250.10 |
| 13 hrs. | $59.10 | $768.30 |
| 58 hrs. | $60.00 | $4,032.16 |
| | **Total Estimated Search Fees** | <u>$7,073.76</u> |

**Duplication:**

| | | |
|---|---|---|
| 2,000 @ .20/page | | $ 400.00 |
| | **Total Estimated Fees:** | <u>$ 7,473.76</u> |

**ESTIMATED FOIA FEES  (limited search)**

### Request #2006-06-012

| Service/Time | Rate (per hour) | Amount |
|---|---|---|
| **Search** | | |
| | | |
| 6 hrs. | $42.06 | $242.36 |
| 6 hrs. | $59.10 | $354.60 |
| 2 hrs. | $50.02 | $100.40 |
| 2 hrs. | $59.10 | $118.20 |
| 2 hrs. | $60.00 | $139.04 |
| | **Total Estimated Search Fees** | $964.60 |

**Duplication:**

| | |
|---|---|
| 250 @ .20/page | $ 50.00 |
| **Total Estimated Fees:** | $ 1,014.60 |

06-22-2007  14:32  From-HOLLAND & KNIGHT LLP MAIN 2    2029555564    T-108  P.002/031  F-939

# Holland+Knight

Tel  202 955 3000
Fax  202 955 5564

Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C.  20006-6801
www.hklaw.com

CHARLES D. TOBIN
(202) 419-2539
ctobin@hklaw.com

June 22, 2007

**Via Facsimile (202-622-3895) and Federal Express**

Attn:  Assistant Secretary for International Affairs
FOIA Appeal
Disclosure Services
Department of the Treasury
Washington, DC 20220

Re:    **Notice of Freedom of Information Act Appeal in Request #2006-06-012**

Dear Assistant Secretary:

      Holland & Knight LLP ("Holland & Knight"), pursuant to the Freedom of Information Act, as amended, 5 U.S.C. § 552 ("FOIA"), hereby submits this appeal of the Department of the Treasury's (the "Treasury") fee waiver denial dated May 24, 2007. The Treasury issued its fee waiver denial in response to Holland & Knight's FOIA request submitted to the Treasury on May 25, 2006, in connection with our *pro bono* representation of COCAHICH, a coordinating committee of 23 Mayan communities in Guatemala that were severely impacted by the construction of the Chixoy Dam in the late 1970s, and Holland & Knight's corresponding fee waiver request submitted to the Treasury on July 6, 2006. The fee waiver denial, the FOIA request, and the fee waiver request are attached hereto as **Exhibits A, B,** and **C,** respectively. This appeal is timely since it is being filed within 35 days of receiving the Treasury's fee waiver denial. *See* Exh. A, p. 2, ¶ 8.

      The fee waiver request is appropriate under FOIA, and the Treasury should have granted it consistent with precedent and the policy behind FOIA. Under FOIA and the Treasury's regulations, a waiver of fees may be provided if disclosure of the information is in the public interest because furnishing the information is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 31 C.F.R. 1.7(d)(1). The FOIA request meets this fee waiver standard since: (i) the requested information is likely to contribute significantly to the public's understanding of the Treasury's oversight of international financial institutions, such as the World Bank and the Inter-American Development Bank (the "IDB"), and related international development projects, including the construction



of the Chixoy Dam in Guatemala; and (ii) Holland & Knight is more than capable of disseminating the requested information to the general public and fully intends to publish the findings derived from the requested information.[1]  Congress intends for FOIA's fee waiver requirement to be liberally construed, *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003), and Congress specifically amended the fee waiver requirement "'to remove the roadblocks and technicalities which have been used by various Federal agencies to deny waivers or reductions of fees under the FOIA,'" *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987) (quoting legislative history).  The Treasury's denial of our fee waiver request reflects its inadequate consideration of the statute's language and intent.

## I.    Contribution to Public Understanding

### A.    Public at Large

The FOIA request seeks the Treasury's records relating to persons affected by the construction of the Chixoy Dam in Guatemala, which caused massive flooding of Mayan villages, and the forced displacement of thousands of Mayan people.  Specifically, the request seeks all correspondence with the World Bank and the IDB regarding such persons, and the Treasury's records relating to the resettlement of persons displaced by World Bank- and IDB-funded projects.  Exh. B, pp. 1-2.

The Treasury states in its fee waiver denial that the requested information would not contribute to the general public's understanding of the activities and operations of the government, but only to a narrow segment of interested persons, specifically "those residing in Guatemala and those affected by other similar World Bank and [IDB] projects outside of the United States." Exh. A, p.1, ¶ 4.  While these persons may have a special interest in the requested information since they are or were adversely impacted by World Bank- and IDB-funded projects, the requested information clearly will also contribute to the general public's understanding of the Treasury's activities.  Indeed, one purpose of FOIA is to create a broad right of access to agency documents to both persons who have special interests in these documents and the public at large:  "Congress 'clearly intended' the FOIA 'to give any member of the public as much right to disclosure as one with a special interest [in a particular document].'" *U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975)).

Contrary to the Treasury's assertion that an insufficient number of people would be affected, the requested information is likely to significantly contribute to the general public's understanding of the activities of the Treasury by shedding light on the Treasury's use of taxpayer dollars to perform its duties, on behalf of the United States, relating to international financial institutions such as the World Bank and the IDB.  If the mission of the Treasury's Office of International Affairs is "to protect[] and support[] economic prosperity at home by encouraging financial stability and sound economic policies abroad," and to engage with inter-

---

[1] It is undisputed that Holland & Knight is representing COCAHICH on a *pro bono* basis; therefore, it has no commercial interest in the requested information.

2

national financial institutions to "develop and promote good policies,"[2] nothing could furnish a greater contribution to the general public's understanding of the Treasury's activities than the documents sought in the FOIA request relating to the Treasury's interaction with these institutions.

Furthermore, as you aware, the Treasury's duties with respect to international financial institutions extend far beyond its own mission statements. In 2004, Congress required the Treasury Secretary to instruct the U.S. Executive Director at each multilateral development institution (including the World Bank and the IDB) to inform the institution of U.S. policy goals "and use the voice and vote of the United States to achieve the goals at the institution before June 30, 2005." 22 U.S.C. § 262o-3(a). Congress also required the Treasury in 2004 and 2005 to report to the appropriate congressional committees the actions taken by each multilateral development institution to implement the U.S. policy goals and further actions needed to meet these goals. *Id.* at § 262o-3(b). At the hearing in 2005, the Treasury stated that such requirements "are an integral part of the Treasury Department's efforts to fight corruption in the use of funds by the [multilateral development institutions] and to provide the public with more information on how these institutions operate and the results they achieve."[3]

It is the Treasury Secretary's statutory duty to instruct the U.S. Executive Director of certain international financial institutions, including the World Bank and the IDB, to: (i) use the voice and vote of the United States to oppose any utilization of the institution's funds, other than for basic human needs, for governments that do not properly report military expenditures to civilian authorities, as determined by the Treasury Secretary, 22 U.S.C. § 262k-1(a); (ii) use the voice and vote of the United States to oppose any utilization of the institution's funds to assist terrorist states, 22 U.S.C. § 262p-4q; and (iii) negotiate for the creation of a department that will "be responsible for environmental protection and resource conservation, including support for restoration, protection, and sustainable use policies," 22 U.S.C. § 262p-4i(a)(1)(A). The Treasury is also authorized to contribute $500,000,000 to the IDB's Multilateral Investment Fund, provided that such funds shall only be disbursed to "countries that have governments that are democratically elected, that do not harbor or sponsor international terrorists; that do not fail to cooperate in narcotics matters; and that do not engage in a consistent pattern of gross violations of internationally recognized human rights." 22 U.S.C. § 283z-9(a). These are just some of the Treasury's statutory duties with respect to the World Bank and the IDB.

Since the basic purpose of FOIA is to guarantee the public's right to know "what their government is up to," and "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose," the requested information regarding the Treasury's oversight of the World Bank and the IDB is certainly a matter of public interest. *See Reporters Comm. for Freedom of the Press*, 489 U.S. 749 at 773. Furthermore, based on the Treasury's significant influence on and oversight of the World Bank and the IDB, and its authority to fund certain activities of these institutions, it is clear that the

---

[2] Http://www.ustreas.gov/offices/international-affairs/.

[3] Http://www.ustreas.gov/offices/international-affairs/multilateral_banks/congress/sec581.pdf (Report to Congress: Achievement of Certain Policy Goals With Respect to Transparency and Accountability in the Multilateral Development Institutions. March 14, 2005.)

Treasury plays a role in ensuring that these institutions act responsibly in the global market-place. Therefore, when human rights violations have occurred or may be occurring (such as the forced displacement of Mayan communities to build the Chixoy Dam) due to World Bank and IDB funded projects, the Treasury's activities become a matter of public interest: "'it is always in the public interest to openly air the fact that a government body is not carrying out its statutory function effectively and efficiently.'" *See Physicians Comm. for Responsible Med. v. Dept. of Health & Human Servs.*, 480 F. Supp. 2d 119, 123 (D.D.C. 2007) (quoting the FOIA requester who was granted a fee waiver). There can be no doubt that the requested information is likely to contribute to the general public's understanding of the activities of the Treasury with respect to its oversight of the World Bank and the IDB, and broaden public understanding of international development issues.

The Treasury also states in its fee waiver denial that FOIA does not "ensure the right of non-citizens of countries outside the United States to know what the World Bank and the Inter-American Development Bank are doing." Exh. A, p.1, ¶ 4. This statement mischaracterizes the subject matter of the FOIA request and plainly suggests, erroneously, that non-U.S. citizens have no protectible interest under FOIA. The FOIA request does not seek documents from the World Bank and the IDB, it seeks documents from the Treasury regarding its interaction with the World Bank and the IDB. In addition, non-U.S. citizens, including members of the Mayan communities that we represent, have FOIA rights. *See Doherty v U.S. Dept. of Justice*, 596 F. Supp. 423, 425-26 (S.D.N.Y. 1984) (holding that an undocumented alien was entitled to seek and sue for access to agency records under FOIA and that nothing in the language of FOIA suggested that disclosure of agency records depended on the citizenship or residency status of the person requesting information); *U.S. Dept. of State v. Ray*, 502 U.S. 164 (1991) (ruling on Haitians' FOIA request without considering whether their lack of U.S. citizenship affects their rights under FOIA).

*B.     Dissemination of Information to the Public*

The Treasury further states in its fee waiver denial that the requester's ability and intention to disseminate the information to the public is another factor in determining whether disclosure of the requested information will contribute to the understanding of the general public. Exh. A, p.2 ¶ 5. Proof of the ability to disseminate the released information to a broad cross-section of the public is not required. *Judicial Watch, Inc. v. U.S. Dept. of Justice*, 365 F.3d 1108, 1126 (D.C. Cir. 2004) (citing *Carney v. U.S. Dept. of Justice*, 19 F.3d 807, 814 (2nd Cir. 1994)). Even so, Holland & Knight has the ability to disseminate the requested information to several hundreds of thousands of people worldwide, and we intend to do so as a part of our continuing efforts to publicize our client's forced resettlement at the hands of the Guatemalan government.

Holland & Knight is an international law firm, with thousands of clients, 18 U.S. offices, 6 international offices, and a large internet website. Holland & Knight also has approximately 50 print publications, with one publication dedicated solely to its *pro bono* work. This publication reaches approximately 4,000 subscribers. In fact, Holland & Knight published the article "Displaced Maya Achi Communities in Guatemala Get Help" in the Decem-

4

ber 2005 issue of this publication, attached hereto as Exhibit D,[4] and the article "Chixoy Dam Project in Guatemala" in the December 2006 issue of this publication, which is attached hereto as Exhibit E[5]. Holland & Knight also issued the press release "Holland & Knight's Community Services Team Represents Displaced Maya Achi Communities in Guatemala" on July 28, 2005, which is attached hereto as Exhibit F.[6]

Holland & Knight's *pro bono* work is also frequently covered by outside media. For example, an article on Holland & Knight's representation of COCAHICH written by a Holland & Knight partner was published in the *Metropolitan Corporate Counsel* in December 2005; this article is attached as a part of the fee waiver request. In addition, in the first half of 2007 alone, the pages on Holland & Knight's website were viewed over 6,700,000 times. This certainly demonstrates Holland & Knight's ability to disseminate the requested information to the general public. *See Prison Legal News v. Happin*, 436 F. Supp. 2d 17, 26 (D.D.C. 2006) (holding that the requester's journal with 3,400 reported subscribers and an estimated readership population of 18,000 is sufficient to establish an ability to distribute the requested documents to the public); *Physicians Comm. for Responsible Med.*, 480 F. Supp. at 124 (holding that the requester's single free quarterly publication received by 120,000 members and the requester's intention to send out press releases to the "entire media" spectrum is sufficient to establish an ability to disseminate the requested information to the public).

## II.    Operations or Activities of the Government

Finally, the Treasury states in its fee waiver denial that "[t]o the extent the materials requested concern the 'governmental operations of the World Bank, [and] the Inter-American Development Bank,' the materials requested do not concern the operations or activities of the federal government." Exh. A, p.2 ¶ 6. As stated above, we are not requesting records from the World Bank or the IDB. We are requesting records from the Treasury relating to its oversight of the World Bank and the IDB. Therefore, we have satisfied the requirement that the requested information relates to identifiable "operations or activities of the government."

We request expedited consideration of this appeal cognizant of both the Treasury's significant delay of almost a year in responding to the FOIA request and the fee waiver request and our rights to pursue federal judicial review within 20 days of filing this administrative appeal under FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(ii). We reserve the right to amend and/or supplement any arguments in this administrative appeal if this case is considered by a federal district court *de novo*.

As you no doubt are aware, Holland & Knight has initiated litigation against the Treasury because of the department's denial of the FOIA request through its failure to timely respond and provide requested documents. We note with interest that the "Estimated FOIA

---

[4] Http://www.hklaw.com/content/newsletters/cst-equitas/equitas011806.pdf.

[5] Http://www.hklaw.com/content/newsletters/cst-equitas/equitas011807.pdf.

[6] Http://www.hklaw.com/PressRoom/PressRelease.asp?Print=Yes&Article=3168; *see also* "Guatemala: the Chixoy Dam and the Rio Negro Massacres: Mayan Communities Finally Heard in Twenty-Year Struggle for Human Rights and Environmental Justice" (http://www.cdlc.org/chixoy.html); "Landmark Study Documents Legacy of World-Bank-funded Chixoy Dam" (http://www.irn.org/pdf/chixoy/Chixoy_Study.pdf).

Fees" attachment to the fee waiver denial, which was sent almost one year to the day after our FOIA request, discloses that there are hundreds, if not thousands, of responsive documents.

     If you have any questions or need additional information, please do not hesitate to call me at (202) 419-2539 or email me at ctobin@hklaw.com. We anticipate and appreciate your cooperation in this matter and look forward to hearing from you within the timeframe prescribed by law.

                       Sincerely,

                       HOLLAND & KNIGHT LLP

                       Charles D. Tobin

Enclosures

cc:    Stephen F. Hanlon, Esq. (w/encls.)
       Danica C. Kubik, Esq. (w/encls.)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

HOLLAND & KNIGHT, LLP.,                    )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        Civil Action No. 07cv760 (CKK)
                                           )
UNITED STATES DEPARTMENT OF                )
THE TREASURY,                              )
                                           )
                Defendant.                 )
_____)

## ORDER

Upon consideration of Defendants' Motion to Dismiss, and the Opposition thereto; and the

Court having found that Plaintiff failed to exhaust his administrative remedies with respect to the

fee waiver request, it is this _____ day of _____, 2007,

ORDERED that Defendant's Motion to Dismiss should be and is hereby GRANTED; and

it is further

ORDERED that the Complaint be, and hereby is dismissed.


                                    _____
                                    COLLEEN KOLLAR-KOTELLY
                                    UNITED STATES DISTRICT JUDGE